

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

DANIEL A. FRIEDMAN
Assistant United States Attorney

401 Market Street, Fourth Floor
Camden, New Jersey 08101-2098

Direct Dial: 856.968.4867
Email: Daniel.friedman2@usdoj.gov

September 10, 2025

Zach Intrater
Agnifilo Intrater LLP
445 Park Avenue, 7th Fl.
New York, NY 10022
zach@agilawgroup.com

> Re:    **Plea Agreement with Joshua Feldberger**
> Criminal No. 24-528 (ESK)

Dear Mr. Intrater:

This letter sets forth the plea agreement between your client, Joshua Feldberger, and the United States Attorney's Office for the District of New Jersey (the "Office"). This offer will expire on **Friday, September 12, 2025,** if it is not accepted in writing by that date. If Joshua Feldberger does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

## Charges

Conditioned on the understandings specified below, the Office will accept a guilty plea from Joshua Feldberger to a one-count Superseding Information charging him with bank fraud conspiracy, in violation of 18 U.S.C. § 1349. If Joshua Feldberger enters a guilty plea and is sentenced on this charge, and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Joshua Feldberger for making false statements in connection with the mortgage loan secured by real estate properties located on Malcolm X Boulevard in Brooklyn, New York, his role in conspiring with Arthur Spitzer or Mendel Deutsch to defraud property owners or financial institutions, or for laundering or spending the proceeds from loans obtained as a result of the aforementioned fraudulent conduct. In addition, if Joshua Feldberger fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts 6-10 of the Indictment in Criminal No. 24-528 (ESK) against him. Joshua Feldberger agrees that uncharged or dismissed counts may be taken

1

into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c) or § 1B1.3(a).

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Joshua Feldberger even if the applicable statute of limitations period for those charges expires after Joshua Feldberger signs this agreement, and Joshua Feldberger agrees not to assert that any such charges are time-barred.

## Sentencing

The violation of 18 U.S.C. § 1349 (Bank Fraud Conspiracy) to which Joshua Feldberger agrees to plead guilty carries a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence may run consecutively to any prison sentence Joshua Feldberger is serving or is ordered to serve.

The sentence to be imposed upon Joshua Feldberger is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Joshua Feldberger ultimately will receive.

Further, in addition to imposing any other penalty on Joshua Feldberger, the sentencing judge as part of the sentence:

(1)     will order Joshua Feldberger to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     must order Joshua Feldberger to pay restitution pursuant to 18 U.S.C. § 3663 et seq.;

(3)     may order Joshua Feldberger, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4)     must order forfeiture, pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461;

(5)     pursuant to 18 U.S.C. § 3583, may require Joshua Feldberger to serve a term of supervised release of not more than 5 years, which will begin at the expiration of any term of imprisonment imposed. Should Joshua Feldberger be placed on a

2

term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Joshua Feldberger may be sentenced to not more than 3 years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Joshua Feldberger agrees to pay full restitution to the victims of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of that offense.

## Forfeiture

As part of his acceptance of responsibility, Joshua Feldberger agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property, real or personal, constituting, or derived from, proceeds he obtained directly or indirectly as a result of the commission of the offense charged in the Superseding Information. Joshua Feldberger further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to but not greater than the value of the proceeds obtained by the defendant (the "Money Judgment"). The parties do not presently agree on the amount of the Money Judgment. The Government will argue that the Money Judgment should be $100,000, while Joshua Feldberger will argue that the Money Judgement should be $21,000. The defendant consents to the entry of an order requiring the defendant to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Joshua Feldberger further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas, and Joshua Feldberger agrees to cooperate with this discovery.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Joshua Feldberger's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Joshua Feldberger waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Joshua

3

Feldberger understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Joshua Feldberger waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Joshua Feldberger's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Joshua Feldberger further agrees that not later than the date he enters plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Joshua Feldberger fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Joshua Feldberger has intentionally failed to disclose assets on his Financial Disclosure Statement, Joshua Feldberger agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Rights of The Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves the right to take any position with respect to the appropriate sentence to be imposed on Joshua Feldberger by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Joshua Feldberger's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Joshua Feldberger will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

4

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Joshua Feldberger waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Joshua Feldberger understands that, if Joshua Feldberger is not a citizen of the United States, Joshua Feldberger's guilty plea to the charged offense will likely result in Joshua Feldberger being subject to immigration proceedings and removed from the United States by making Joshua Feldberger deportable, excludable, or inadmissible, or ending Joshua Feldberger's naturalization. Joshua Feldberger understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Joshua Feldberger wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Joshua Feldberger's removal from the United States. Joshua Feldberger understands that Joshua Feldberger is bound by this guilty plea regardless of any immigration consequences. Accordingly, Joshua Feldberger waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Joshua Feldberger also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Joshua Feldberger. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Joshua Feldberger from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

5

Joshua Feldberger agrees to inform the New Jersey Department of Banking & Insurance of his guilty plea and agrees to cooperate fully in any proceeding involving his insurance producer license.

### No Other Promises

This agreement constitutes the entire plea agreement between Joshua Feldberger and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

JAMES MCHENRY
U.S. Associate Deputy Attorney General

ALINA HABBA
Acting United States Attorney
Special Attorney

*Daniel A. Friedman (signature)*

By: DANIEL A. FRIEDMAN
ELISA T. WIYGUL
Assistant United States Attorneys


APPROVED:

*(signature)*

SARA A. ALIABADI
Deputy Attorney-In-Charge, Camden


6

I have received this letter from my attorney, Zach Intrater, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


Date: 9/11/2025

_____
JOSHUA FELDBERGER


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


Date: 9/11/2025

_____
ZACH INTRATER, Esq.
Counsel to Defendant Joshua Feldberger

7

**Plea Agreement with Joshua Feldberger**

**Schedule A**

1.    The Office and Joshua Feldberger recognize that the United States Sentencing Guidelines are not binding upon the Court.   Each party nevertheless agrees to these stipulations.

2.    The version of the Guidelines effective November 1, 2024, applies in this case.

3.    The applicable guideline is USSG §2X1.1.  Pursuant to USSG §2X1.1(a), the Base Offense Level is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty.

4.    The applicable guideline is U.S.S.G. § 2B1.1.  This guideline carries a Base Offense Level of 7 because the statutory maximum prison sentence for the charged offense is 20 years or more.

5.    The parties do not presently agree as to the applicability of U.S.S.G. § 2B1.1(b)(1). This Office will argue that Joshua Feldberger's offense involved a loss of more than $3,500,000 but not more than $9,500,000, resulting in an increase of 18 levels.  See U.S.S.G. § 2B1.1(b)(1)(J). Joshua Feldberger disputes the loss amount.   Both parties reserve their right to argue their respective positions at sentencing.

6.    The parties do not presently agree as to the applicability of U.S.S.G. § 2B1.1(b)(10)(C).  This Office will argue that the offense involved sophisticated means and that Joshua Feldberger intentionally engaged in or caused the conduct constituting sophisticated means, resulting in an increase of 2 levels.  Joshua Feldberger may take the position that this Specific Offense Characteristic does not apply.   Both parties reserve their right to argue their respective positions at sentencing.

7.    The parties agree that Joshua Feldberger abused a position of public or private trust in a manner that significantly facilitated the commission or concealment of the offense, resulting in an increase of 2 levels.

8.    The parties agree that Joshua Feldberger was a minor participant pursuant to U.S.S.G. § 3B1.2(b) and that, as a result, he is entitled to a 2-level reduction in his offense level.

9.    As of the date of this letter, Joshua Feldberger has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Joshua Feldberger's acceptance of responsibility continues through the date of sentencing.  *See* U.S.S.G. § 3E1.1(a).

10.    As of the date of this letter, Joshua Feldberger has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Office to avoid preparing for trial and permitting the Office and the court to allocate their resources efficiently.  At sentencing, the Office will move

8

for a further 1-point reduction in Joshua Feldberger's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Joshua Feldberger enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Joshua Feldberger's acceptance of responsibility has continued through the date of sentencing and Joshua Feldberger therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Joshua Feldberger's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

11.     If Joshua Feldberger establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level.

12.     The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the total offense level applicable that the sentencing judge applies to Joshua Feldberger at Step I of sentencing; and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

13.     If the term of imprisonment does not exceed 6 months, and except as specified in the next paragraph below, Joshua Feldberger will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 63 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

14.     Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    i.     Any proceeding to revoke the term of supervised release;

    ii.     A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); or

    iii.     An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).